# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SPRAGUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　　Defendant. | No. CV 16-07783 SS<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

## I.

## INTRODUCTION

Nathan Sprague ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for former Acting Commissioner Carolyn W. Colvin in this case. See Fed. R. Civ. P. 25(d).

benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 10-11). For the reasons stated below, the decision of the Commissioner is REVERSED and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.
## PRIOR PROCEEDINGS

### A. Administrative Proceedings

On June 4, 2010, Plaintiff filed an application for child's insurance benefits. (Administrative Record ("AR") 122). Plaintiff alleged that he has been disabled due to autism since June 3, 1992, the day he was born. (AR 128). The Agency denied Plaintiff's application on November 16, 2010. (AR 69-73). On March 4, 2011, the Agency denied Plaintiff's application upon reconsideration. (AR 74-78). On April 21, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 81). On June 5, 2012, ALJ Dale A. Garwal conducted a hearing to review Plaintiff's claim. (AR 37-53). On June 27, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (AR 21-36). On August 6, 2012, Plaintiff sought review of the ALJ's decision. (AR 18-20). The Appeals Council denied Plaintiff's request on February 25, 2014. (AR 1-5). The ALJ's decision then became the final decision of the Commissioner.

B. **Prior Federal Court Proceedings**

Plaintiff commenced a civil action on April 21, 2014. (AR 421-423). After the parties completed joint stipulation briefing, the court issued a decision remanding the matter for further proceedings. Sprague v. Colvin, No. CV 14-3219-CW (C.D. Cal. July 22, 2015) (AR 430-440). The court noted that Plaintiff's sole claim was that the ALJ did not properly consider the opinion of Plaintiff's treating psychiatrist, Dr. Timothy Tice, in determining that Plaintiff was not disabled. (AR 436). The court noted that Dr. Tice began treating Plaintiff in February of 2009 and saw him on a monthly basis thereafter. (AR 437).

The ALJ had found that Plaintiff suffers from "severe" impairments of Asperger's syndrome/autism and dysthymic disorders. (AR 432). The ALJ concluded that Plaintiff retained the residual functioning capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: limitation to the performance of simple routine tasks with occasional public and coworker contact." (AR 432).

However, the court noted that the "ALJ's RFC determination did not include several of Dr. Tice's limitations, including those in maintaining attention and withstanding the stress and pressure of an eight-hour workday." (AR 438). The court stated that the ALJ's "failure to include Dr. Tice's limitations in Plaintiff's RFC constitutes an implicit rejection of this portion [of the

3

opinion]. Yet the ALJ failed to give any reasons, let alone a specific and legitimate one, for rejecting this part of Dr. Tice's opinion." [internal citations omitted]. (AR 438).

The court found that remand was required to remedy these defects in the ALJ's decision. The court further noted that "even crediting Dr. Tice's opinion as true, Plaintiff's entitlement to benefits is not clear from the existing record because there is no vocational expert opinion of disability corresponding to Dr. Tice's opinion." (AR 439).

On November 2, 2015, the Appeals Council issued an order directing the ALJ to conduct further proceedings in compliance with the district court's order of remand. (AR 444). On May 4, 2016, pursuant to the order of remand, ALJ Garwal conducted a supplemental hearing. (AR 377-394). On June 22, 2015, ALJ Garwal once again found that Plaintiff was not disabled under the Social Security Act. (AR 357-376). Plaintiff commenced the instant action on October 19, 2016. (Dkt. No. 1).

### III.
### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on

legal error or are not supported by "substantial evidence" in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**IV.**

**THE ALJ'S 2016 DECISION**

The ALJ employed the five-step sequential evaluation process in evaluating Plaintiff's case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since

June 3, 1992, his alleged onset date. (AR 362). At step two, the ALJ found that Plaintiff had the following severe impairments: Asperger's syndrome/autism, and dysthymic disorders (AR 362).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 362).

Next, the ALJ determined that, prior to attaining age 22, Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: limitation to the performance of simple routine tasks, with occasional public and coworker contact. (AR 363).

At step four, the ALJ determined that Plaintiff has no past relevant work. (AR 368). At step five, the ALJ found that, prior to attaining age 22 and considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 369).

# V.

# DISCUSSION

## A. The ALJ's Decision Violated The Law Of The Case Doctrine

Plaintiff contends that the ALJ deviated from the district court's remand instructions by failing to properly consider Dr. Tice's opinions and by failing to consult a vocational expert. (Pl. MSO at 5-7). The Court agrees.

The law of the case doctrine compels a lower court to follow "'the [appellate court's] decree as the law of the case; and must carry it into execution, according to the mandate.'" Sanchez v. Astrue, 2012 WL 3704756, at *10 (E.D. Cal. Aug. 27, 2012) (quoting Vizcaino v. U.S. District Court, 173 F.3d 713, 719 (9th Cir. 1999). In a case of first impression, the Ninth Circuit held "that the law of the case doctrine … appl[ies] to social security administrative remands from federal court in the same way they would apply to any other case." Stacy v. Colvin, 825 F.3d 563, 566 (9th Cir. 2016). Reversal is warranted under this doctrine when an ALJ's decision "exceed[s] the scope of and/or contravene[s] district court remand orders." Almarez v. Astrue, 2010 WL 3894646, at *3 (C.D. Cal. Sept. 30, 2010).

7

Here, the district court, in its initial memorandum decision, ruled as follows:

> In his decision, the ALJ purported to fully credit Dr. Tice's opinion. [] However, the ALJ's RFC determination did not include several of Dr. Tice's limitations, including those in maintaining attention and withstanding the stress and pressures of an eight-hour workday. Rather, the ALJ's RFC determination included only a limitation to 'simple repetitive tasks, with occasional public and coworker contact.' [] The ALJ's failure to include Dr. Tice's limitations in Plaintiff's RFC constitutes an implicit rejection of this portion of Dr. Tice's opinion. (citation omitted). Yet the ALJ failed to give any reasons, let alone a specific and legitimate one, for rejecting this part of Dr. Tice's opinion. (citation omitted). . . . [E]ven crediting Dr. Tice's opinion as true, Plaintiff's entitlement to benefits is not clear from the existing record because there is no vocational expert opinion of disability corresponding to Dr. Tice's opinion. (citation omitted). Thus, remand for further proceedings is appropriate.

(AR 438-440). The district court's remand order therefore required the ALJ to include Dr. Tice's limitations in Plaintiff's RFC or provide specific reasons for rejecting these portions of Dr. Tice's opinions. In addition, the district court faulted the ALJ for not obtaining a vocational expert opinion of disability corresponding to Dr. Tice's opinion.

As discussed more thoroughly below, the ALJ developed his analysis by considering new evidence from Dr. Tice on remand. However, the ALJ still failed to consider the evidence in accordance with the district court's instructions and did not provide specific and legitimate reasons for rejecting Dr. Tice's opinions. Furthermore, the ALJ did not ask for a VE's opinion regarding Plaintiff's ability to work, as directed by the district court in the initial remand order. Accordingly, by failing to properly consider the evidence, the ALJ did not follow the district court's remand instructions. Upon second remand, the ALJ must consider Dr. Tice's opinions and evaluations in accordance with the district court's instructions.

B. **The ALJ Failed To Provide Specific And Legitimate Reasons For Rejecting Dr. Tice's Additional Opinion**

In March of 2016, Dr. Tice provided an additional opinion regarding Plaintiff's condition. (AR 567-572). Plaintiff contends that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting this opinion. (Pl. MSO at 13). The Court agrees.

The ALJ stated that in March of 2016, Dr. Tice "indicated mild limitation in the ability to understand, remember and carry out simple job instructions, and moderate limitation in the ability to [] maintain concentration and attention for at least 2 hour increments." (AR 368). The ALJ found that this opinion was inconsistent with Dr. Tice's February 2011 opinion in which he

9

reported an "unlimited ability to perform activities within a schedule and maintain regular attendance, good ability to understand, remember and carry out simple instructions, maintain attention, concentration and persistence, and complete a normal workday/week without interruptions." (AR 367-368).

To the extent that the ALJ relies on these alleged inconsistencies as specific and legitimate reasons for rejecting Dr. Tice's 2016 opinion, his reliance is misplaced. First, the referenced assessments utilize two different rating scales, undermining the ability to make a direct comparison. (AR 304, 567). Further, the ALJ fails to explain how these alleged inconsistencies are significant enough to constitute specific and legitimate reasons for rejecting Dr. Tice's treating opinion. On remand, the ALJ must provide specific and legitimate reasons for rejecting any portions of Dr. Tice's opinions.

The ALJ also stated that Dr. Tice's conclusion "of inability to engage in any work activity is given little weight as this appears to be [] sympathetic rather than objective". (AR 368). To the extent that the ALJ suggests that Dr. Tice's medical opinion is influenced by Dr. Tice's sympathy for Plaintiff as his patient, as opposed to the doctor's honest opinion of Plaintiff's limitations, this is not a legitimate reason (without more specific evidence) to reject a treating doctor's opinion. An ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits." Lester v. Chater, 81 F.3d 821, 832

(9th Cir. 1995) (quoting Ratto v. Secretary, 839 F. Supp. 1415, 1426 (9th Cir. 2008)). On remand, the ALJ must provide specific and legitimate reasons supported by the record for discrediting Dr. Tice's conclusions, if the ALJ rejects the treating doctor's limitations.

In sum, on remand the ALJ must provide specific and legitimate reasons for rejecting Dr. Tice's opinion or must incorporate Dr. Tice's findings and limitations into a new RFC.

C. **After Considering All Of Dr. Tice's Evidence, And Possibly Utilizing The Assistance Of A Medical Expert To Fully Understand The Evidence, The ALJ Must Take Testimony From A VE**

Plaintiff contends that, despite the district court's mandate, the ALJ failed to adduce testimony from a vocational expert ("VE") regarding whether a finding of disability corresponds to Dr. Tice's opinion. (Pl. MSO at 7). The Court agrees.

The ALJ should have obtained VE testimony at the 2016 hearing. The prior remand order from the district court specifically directed the ALJ to do so and this direction cannot be ignored. Stacy, 825 F.3d at 568-9 (citing Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2011). On remand, the ALJ must take VE testimony regarding Dr. Tice's opinion, including the information set forth in his March 2016 evaluation. Specifically, the ALJ must

present a hypothetical to the VE that takes into consideration all of Plaintiff's limitations as articulated by Dr. Tice, unless the ALJ has provided specific and legitimate reasons, supported by the record, to reject those limitations.

Additionally, on remand, if necessary to help the ALJ fully understand the evidence, the ALJ should utilize a medical expert. The medical expert's role would be to evaluate any limitations imposed on Plaintiff as a result of his conditions. See 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii) ("[ALJs] may also ask for and consider opinions from medical experts on the nature and severity of [a claimant's] impairment(s) ...").

**VI.**

**CONCLUSION**

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 30, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**